**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Diane A. N., Respondent,

v.

Amanda S. G., Appellant,

In the interest of minor children under the age of eighteen.

Appellate Case No. 2013-000562

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2014-UP-204
Heard May 6, 2014 – Filed May 23, 2014

**AFFIRMED**

Tanya D. Jeffords, of the Law Office of Tanya D. Jeffords and Assoc., PC, of Augusta, GA, for Appellant.

Brian Austin Katonak, of the Law Office of Brian Katonak, PA, of Aiken, for Respondent.

Barbara Grimes, of Aiken, as Guardian ad Litem.

**PER CURIAM:** Amanda S. G. appeals the termination of her parental rights (TPR), arguing the family court erred in: (1) failing to apply the analysis from the supreme court case of *Moore v. Moore*,[1] (2) ordering TPR without making a finding Amanda S. G. was unfit pursuant to *Moore*, and (3) finding it was in the children's best interests to grant TPR without considering a joint custody arrangement when the evidence failed to show she was unfit to raise the children. We affirm.

Before parental rights can be forever terminated, the alleged grounds for the termination must be proven by clear and convincing evidence." *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006). "On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence." *Id.* "[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (footnote omitted). "This degree of deference is especially true in cases involving the welfare and best interests of a minor child." *Ex parte Morris*, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006). "Moreover, consistent with our constitutional authority for *de novo* review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact." *Id.* "Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." *Id.* (internal quotation marks omitted). "In a TPR case, the best interest of the child is the paramount consideration." *Jackson*, 368 S.C. at 95, 627 S.E.2d at 770.

The family court did not err in declining to apply the *Moore* factors or make a finding of unfitness pursuant to *Moore* as alleged in Issues 1 and 2 because *Moore* is inapplicable to TPR actions. *See Charleston Cnty. Dep't of Soc. Servs. v. King*, 369 S.C. 96, 104, 631 S.E.2d 239, 243 (2006) ("The *Moore* factors cannot apply in the termination of parental rights situation because that situation is governed by statute.").

---

[1] 300 S.C. 75, 386 S.E.2d 456 (1989) (establishing four factors the family court must consider when a biological parent who temporarily relinquishes custody of a child seeks to reclaim custody).

The family court also did not err in finding TPR was in the children's best interests as alleged in Issue 3.[2] "We exercise great caution in reviewing termination proceedings and will conclude termination is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005). "In cases involving the termination of parental rights, there exist two, often competing, interests: those of the parents and those of the child." *Id.* "However, a child has a fundamental interest in terminating parental rights if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care." *Id.* "In balancing these interests, the best interest of the child is paramount to that of the parent." *Id.* at 626-27, 614 S.E.2d at 645. "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).

A review of the record demonstrates Amanda S. G. had no contact with her children from March 2009 until July 2011. Amanda S. G. provided no evidence she has supported the children since 2009 aside from buying them Easter baskets, giving family members money to buy the children Christmas presents, and buying the children clothes and school supplies on one occasion when she took them to Alabama. The family court found that since the temporary custody order has been in place, Amanda S. G. has only visited the children two or three times and has made less than twenty out of a possible eighty phone calls.

Conversely, the guardian-ad-litem's (the GAL's) report stated Diane A. N. has taken the children to medical appointments, helped them with their school work, and assumed other maternal duties. The family court found Diane A. N. has served in a motherly capacity since 2007. The children refer to Diane A. N. as "mom" and Amanda S. G. as "Amanda," despite knowing Amanda S. G. is their biological

---

[2] Although Amanda S. G. does not appeal the family court's findings as to the statutory grounds for TPR, we find two grounds were met. At oral argument, counsel for Amanda S. G. conceded these two grounds were met. The two grounds are failure to visit as provided in section 63-7-2570(3) of the South Carolina Code (2010), and failure to support as provided in section 63-7-2570(4) of the South Carolina Code (2010).

mother.  The children are doing well in school and have expressed a desire not to return with Amanda S. G. to Alabama.

Amanda S. G. is currently unemployed and lives with a married man who provides her with support.  Amanda S. G. cited finances as a reason she could not visit the children as often as she wanted, but evidence showed that in 2009 Amanda S. G. purchased a visa and moved to the Netherlands until September 2010.  Considering these reasons and the entire record on appeal, we hold the family court's findings are supported by clear and convincing evidence and that TPR is in the children's best interests.

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**